IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRUCE T. ADKINS | * | |
| | * | |
| v. | * | Civil Action No. CCB-21-1810 |
| | * | |
| MAYOR AND CITY COUNCIL OF BALTIMORE | | |
| | * | |

******

**MEMORANDUM**

On August 23, 2018, an emergency demolition contractor hired by the City of Baltimore demolished the uninhabited property at 524 N. Calhoun Street, an end of group brick row home in Baltimore, Maryland. (ECF 9-1). It did so after the City determined, in response to a complaint from the resident of the property at 522 N. Calhoun Street, that the property had a collapsed third floor rear wall, the sidewall was failing and tilting, the weather wall had collapsed, the building was not structurally sound, and an occupied home next door was being impacted. (ECF 9-2, Ex. 1B).

On July 21, 2021, Bruce T. Adkins, owner of the property at 524 N. Calhoun Street, filed a pro se complaint in this Court against the Mayor and City Council seeking $627,500.00 in damages for "mental anguish and replacement cost of the house." (ECF 1 at 3).

Now pending is the City's motion to dismiss or for summary judgment (ECF 9), Adkins's motion for summary judgment (ECF 13), and Adkins's motion for judgment nunc pro tunc to correct a clerical mistake (ECF 20). For the reasons that follow, the City's motion will be granted, and Adkins's motions will be denied.

## ANALYSIS

Adkins brings a somewhat unclear set of claims, but essentially, he complains that his property was demolished without proper notice. He describes this as a claim for negligence under the Local Government Tort Claims Act. (ECF 14 at 1). It appears that an initial violation/vacant building notice requiring removal of trash and debris, and rehabilitation or razing of the building, was issued in April 2014, but was sent to an address in Lanham, Maryland. (ECF 9-2, Ex. 1, 1A). For purposes of this memorandum, it is assumed that Adkins did not receive the notice; it is not directly relevant, in any event, to the 2018 demolition, although it does indirectly support the City's contention that the property was in substantial disrepair. On or about August 15, 2018, in response to a neighbor's complaint, and following an inspection of the property, the City's Department of Housing & Community Development posted an emergency condemnation and demolition notice on the front door and mailed an emergency condemnation and demolition notice and the inspection report to Adkins at his address as listed in the Maryland State Department of Assessments and Taxation (SDAT). (ECF 9-2, Ex 1, 1B-E). The address listed was 1711 H Street, N.E. Apt 10, Washington, D.C. 20002; Adkins has lived at that address but in Apartment #1, for over 20 years. (ECF 12-1). He states that he did not receive the demolition notice (*Id.*); neither was it returned to the City. (ECF 9-2, Ex 1, ¶ 10). On or about August 23, 2018, the building was demolished. Adkins, who says he planned to retire to live in 524 N. Calhoun Street, arrived on September 1, 2018, to cut the grass and found the building had been torn down. (ECF 13).

Certainly, it is unfortunate that the demolition notice did not reach Adkins before the building was torn down, but the notice was posted on the property and mailed to his address on record with SDAT more than a week in advance, which is "notice reasonably calculated, under

2

all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). While publication alone ordinarily is not enough, mailing notice to the interested party's officially known address generally will satisfy the constitutional requirements of due process. *Id.*; *see also Schroeder v. New York*, 371 U.S. 208, 213-14 (1962); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983).

Further, it appears that the City acted under its emergency powers set forth in the Building, Fire, and Related Codes of Baltimore City, Part I § 117, Bldg., Fire, & Related Codes of Balt. City (2020). While ordinarily notice, *id.* at §123.8.1, and an opportunity to repair is required, that is not the case in an emergency situation where "life, health, safety, or property is in immediate danger." *Id.* at §117.1, §123.8.2. The Code provides that any person aggrieved by any act of the building official has the right to seek administrative and judicial review. *Id.* at §128.1. There is no indication Mr. Adkins did so.

It appears that, other than cutting the grass, Adkins had failed over several years to maintain or repair the property in a safe condition, leading to a partial collapse and damage to the adjoining occupied home in August 2018. The City was confronted with a need for emergency action, which it likely was entitled to take even without notice. *Hebron Sav. Bk. v. City of Salisbury*, 259 Md. 294, 300 (1970) (notice and an adequate opportunity to contest a claim "may not be applicable when the necessity for summary action in an emergency situation to protect the public health or safety is clear."). Adkins, who filed an affidavit attesting to the fact that he did not receive notice, filed no affidavit or other evidence challenging the results of the City's inspection report or the emergency need to demolish the structure for reasons of public safety.

Nor has he proffered any evidence as to the alleged value of the building (if there was any) at the time of demolition.

Adkins also fails to provide evidence demonstrating that he complied with the Local Government Tort Claims Act (LGTCA). Md. Code Ann., Cts. & Jud. Proc. § 5-301 *et seq*. The LGTCA governs actions alleging "damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government." Cts. & Jud. Proc. §5-303(b). Under §5-304 of the act, "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 1 year after the injury." Cts. & Jud. Proc. § 5-304(b). When the defendant local government is Baltimore City, the claimant must provide notice to the City Solicitor. *Id*. at §5-304(c)(3)(i). Adkins has not demonstrated that he even attempted to satisfy LGTCA's notice requirements.[1] In fact, the only action Adkins appears to have taken since the property was demolished on August 23, 2018, is filing a complaint with this court almost 3 years after the demolition occurred.

## CONCLUSION

For the reasons stated above, the defendant's motion for summary judgment will be granted. A separate Order follows.

| | |
|---|---|
| 08/31/2022 | /s/ |
| Date | Catherine C. Blake<br>United States District Judge |

---

[1] The court notes but does not rely on this apparent failure to provide notice, given that the City did not raise it as an affirmative defense.